```
                  UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| VALERIE KIRCHHOFFER,<br><br>　　　　　Plaintiff,<br>　v.<br><br>STATE OF NEW JERSEY,<br><br>　　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-06547 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Valerie Kirchhoffer, Plaintiff Pro Se
682 Everett Street
Camden, NJ 08103

**SIMANDLE, Chief District Judge:**

　　1.　Plaintiff Valerie Kirchhoffer seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the State of New Jersey. Complaint, Docket Entry 1.

　　2.　Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.  For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.  To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.  Plaintiff seeks monetary damages from the State of New Jersey for allegedly unconstitutional conditions of confinement. The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Plaintiff may not bring a suit against

2

the State in federal court unless Congress has expressly abrogated New Jersey's sovereign immunity or the State consents to being sued in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Here, Congress did not expressly abrogate sovereign immunity when it passed § 1983, *see id.*, and there is no indication New Jersey has consented to Plaintiff's suit. The claims against the State of New Jersey therefore must be dismissed with prejudice.

6. Plaintiff may be able to amend the complaint to name state actors who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

7. Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Plaintiff alleges she experienced unconstitutional conditions of confinement during confinements in 2010, 2012, 2013, and 2014. Complaint § III. The fact section of the complaint states: "No where to sleep. Mold in shower. Told to go to sleep when my [abscess] bust. C.O. Jackman told me [rinse] my mouth out with water and go to sleep." *Id.* Plaintiff also alleges she "was bit[ten] sleeping on floor in 02/2013" and "they didn't send me to medical." *Id.* § IV. Even accepting these

3

statements as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

8.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

9.   In addition, to the extent that Plaintiff seeks to allege a claim based on a violation of her right to adequate medical care, there are not enough facts to support an inference that Plaintiff's rights were violated in this regard. In order to set forth a cognizable claim for a violation of her right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Mere assertions that Plaintiff was not sent to medical for some type of bites and may not have received treatment for an abscess are insufficient to meet the pleading standard in the absence of additional facts. If she wishes to pursue this claim, Plaintiff should provide additional facts supporting both of the requirements in her amended complaint.[1]

10.  As Plaintiff may be able to amend her complaint to address the deficiencies noted by the Court,[2] the Court shall

---

[1] Plaintiff's purported claim based on bites she received in February 2013 appear to be barred by the statute of limitations. *See* n.2, *infra*.

[2] To the extent the complaint seeks relief for conditions Plaintiff encountered during her confinements 2010, 2012, and 2013, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of

grant Plaintiff leave to amend the complaint within 30 days of the date of this order.[3]

11.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

12.  For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

---

action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement at CCCF would have been immediately apparent to Plaintiff at the time of her detention; therefore, the statute of limitations for some of Plaintiff's claims expired in 2012, 2014, and 2015, respectively. In the event Plaintiff elects to file an amended complaint, she should focus on facts of her 2014 confinement, if those facts occurred on or subsequent to October 5, 2014.
[3] The amended complaint shall be subject to screening prior to service.

13.  An appropriate order follows.

**January 18, 2017**                  **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                                 Chief U.S. District Judge